William J. Regan, S.
This is a proceeding to establish and admit to probate an alleged will claimed to have been lost by the attorney-scrivener thereof and without the knowledge of the testatrix.
The decedent died on June 12,1965. A petition for the probate of the alleged will was filed in this court on March 10, 1967. Citations were issued to Raymond Graeber and Gloria J. Smith, the only two persons allegedly mentioned in the will as beneficiaries. The Attorney-General’s office filed a notice of appearance and appeared in this proceeding, as did a special guardian, inasmuch as decedent died leaving no known heirs, and a citation was published directed toward any unknown heirs.
A hearing was held before the undersigned, at which time the court inquired particularly into all the facts and circumstances. David J. Kuliek, attorney, testified that at the request of the testatrix in the Ivy Nursing Home in Buffalo, New York on October 24, 1964, upon a printed form of will, he, in his own handwriting, drew this will after instructions from her. The *641 other witness was Mrs. Josephine M. Kulick, the wife of the attorney, who had accompanied him there for that specific purpose. Both witnesses testified fully as to the proper and due execution of the will and the competency of the testatrix. Both witnesses testified fully as to the contents thereof. The provisions thereof were clearly and distinctly proved by both of these witnesses, who appeared to this court to be credible and having no interest in this matter. Following the execution thereof Mr. Kulick testified that the original will was in his sole possession and that he took it to his law office with the intention of thereafter filing same in the Surrogate’s Court; that his impression was that he had so filed it in the Surrogate’s Court; that shortly thereafter the attorney moved his offices and there was much confusion in the transfer of his files; that upon learning of the death of testatrix he called at the Surrogate’s Court and was greatly surprised and chagrined to find that the will had not been filed, and that upon careful search in his office had never been able to locate the will and believed that said will had been lost.
It is the opinion of this court that all the requirements of section 143 of the Surrogate’s Court Act have been met and that the presumption of revocation by testatrix has been overcome and that the will of Esther Graeber was lost without the knowledge of the testatrix.
From the testimony of the witnesses the court finds that the will was validly executed and that the following provisions were therein contained:
Proceeds of a bank account in the Buffalo Savings Bank were bequeathed to Raymond Graeber, a nephew of decedent’s husband. The proceeds of a bank account in the Erie County Savings Bank were bequeathed to Gloria J. Smith, a granddaughter of decedent’s husband. The residuary estate was also bequeathed to Gloria J. Smith. A provision was included in said will that all debts and expenses were to be borne equally by the two above-named legatees. David J. Kulick was nominated as executor.
Upon the consent and acquiescence of the beneficiaries under the will and upon the renunciation of David J. Kulick who is named executor, Kevin D. Cox, Public Administrator, will be appointed administrator with the will annexed, upon his qualifying.