W. Vincent Grady, S.
Application has been made for probate of a copy of the alleged last will and testament of. John Di Nisio, deceased, as a will of real and personal property. At the hearing on the petition, reference was made to a deposition taken from the proponent, Cecile I. Schult, who was unable to attend because of illness. She is the executrix and sole beneficiary named in the alleged will, which instrument was found in her possession at decedent’s death. Objection was made to the *11 deposition being admitted into evidence on the ground that it violated the dead man’s statute (CPLR 4519). The court sustained the objection on that ground.
On the hearing, Harry E. O’Donnell, Esq. testified that he is an attorney and prepared a last will and testament for his friend, John Di Nisio. That on July 18, 1942, at Wingdale, New York, John Di Nisio signed said last will and testament in the presence of Mr. O’Donnell and his wife Elaine. He testified that decedent stated that it was his last will and testament and requested them to sign it as attesting witnesses which they did. Mr. 0 ’Donnell stated that he only had an original and copy of the will and that he left the copy with John Di Nisio and took the original with him to New York City where he had an office. On cross-examination, however, he admitted that he does not have any independent recollection of actually taking the original will back to New York City and that it is a very remote possibility that he left it with decedent in Wingdale. He further stated that he has been unable to find the original will, although he has made a diligent search therefor. The other attesting witness, Elaine O’Donnell, wife of the attorney, remembered the execution but did not remember what was done with the original and copy of the will.
Section 143 of the Surrogate’s Court Act provides: “A lost or destroyed will can be admitted to probate in a surrogate’s court, but only in case the will was in existence at the time of the testator’s death, or was fraudulently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness.”
After hearing the testimony, reading the will, and hearing the arguments of counsel and after due deliberation thereon, the court decides and finds as follows:
This case is very similar to Matter of Graeber (53 Misc 2d 640 [Surrogate’s Ct., Erie County]). However, in that case the attorney definitely remembered taking the original will with him. In that will the assets were left to a nephew and granddaughter of decedent’s husband.
In the instant case, the copy of decedent’s alleged will was found in the possession of the sole beneficiary who was not related to decedent. The scrivener-witness was not positive as to what he did with the original will.
The court concludes that the evidence does not overcome the “ presumption of revocation ” during the almost 25 years since the alleged will was drawn.
*12 The petition for probate of a copy of said alleged last will and testament of John Di Nisio, deceased, as a will of real and personal property, is denied for the reason that the proof fails to come within the provisions of section 143 of the Surrogate’s Court Act.