John D. Bennett, J.
The decedent’s husband has offered for probate a conformed copy of an instrument the original of which, his petition alleges, was decedent’s last will and testa *1015 ment left in the care, custody and control of the attorney who prepared it; that it was “ fraudulently ” destroyed without the knowledge or consent of the testatrix and without any revocatory intent on her part.
Proponent’s allegations were obviously based upon section 143 of the Surrogate’s Court Act, substantially revised by SOPA 1407, which eliminated fraudulent destruction during the testatrix’ lifetime as the ground for admission to probate. The new statute placed upon the proponent of a lost or destroyed will the burden of proving “ that the will has not been revoked.” This new statute was enacted upon the recommendation of the Temporary State Commission on the Law of Estates after a detailed and comprehensive study of the historical development of the law from the case of Schultz v. Schultz decided in 1866 (35 N. Y. 653) to the present time, including Matter of Fox (9 N Y 2d 400). (See Fifth Report of Temporary State Comm. on Law of Estates, N. Y. Legis. Doc., 1966, No. 19, App. L-10, Report No. 8.2.5A, pp. 783-796).
The new statute may be said to codify the interpretation of the former statute as set forth in Matter of Fox (supra). The same presumptions as to revocation still apply and “ where it is shown that after a careful search among the papers and effects of the deceased no will can be found, the presumption arises that the decedent himself destroyed the will for the purpose of revoking it.” (2 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 179, par. 3, and the cases there cited). The opposition of the guardian ad litem on behalf of the decedent’s infant children stresses the necessity for the proponents to overcome the presumption of revocation by competent proof. The incompetent testimony of the husband, therefore, cannot be considered by the court, and the vague recollections of his neighbor who witnessed the execution of the instrument lend only to conjecture and do not sustain the burden of proof.
On the other hand, the testimony of the attorney who drew the will and also witnessed its execution, clearly indicates that he never had it in his possession after execution. The conclusion is inescapable that it must have been left on the table in the home of the decedent and her family. There is a total failure of proof as to what happened to the instrument thereafter, and it may well have been destroyed by the decedent with intention to revoke it. The testimony of the sister does not, in the opinion of the court, overcome the presumption, and the instrument offered will be denied probate.