■ In the Matter of the Estate of PHILIP O. GRAY, Deceased. BEVERLY P. GRAY et al., Appellants-Respondents; DAVID A. GRAY, Respondent-Appellant; DOUGLAS O. GRAY, Respondent. —In a proceeding pursuant to SCPA 1407 to admit to probate a lost will, (1) the petitioners appeal from so much of a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated May 27, 1987, as determined that they failed to establish that the deceased did not revoke his will and denied admission to probate of the copy of that will; and (2) the objectant David A. Gray cross-appeals from so much of the same decree as adjudged that the original of that will had been duly executed.

Ordered that the cross appeal is dismissed, without costs or disbursements (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539); and it is further,

Ordered that the decree is affirmed insofar as appealed from, without costs or disbursements.

The proponents sought to admit to probate a conformed copy of a document which purports to be the will of Philip O. Gray, the late husband of the proponent Beverly Gray, who is the sole beneficiary thereunder. The proponents alleged that the original document was retained by the firm of the attorney draftsman, and that upon the merger of that firm with another, the decedent's will was lost. The attorney draftsman had died prior to the decedent. A copy of the will in question was recovered by the decedent's wife from among the decedent's personal papers kept at his home. The objectants, two of the decedent's sons, contested its admission to probate on the basis that the original will had not been duly executed and that, in any event, the testator had revoked the will prior to his death. Following a trial, the Surrogate concluded that while the evidence indicated that the proffered will was duly executed, the proponents failed to meet their burden of proving, as required by SCPA 1407 (1), that the will had not been revoked. Accordingly, the Surrogate denied the proponents' application to admit the will to probate. We now affirm.

SCPA 1407 provides that a lost or destroyed will may be

admitted to probate only if, *inter alia,* it is established that the will had not been revoked and execution of the will is proven in a manner required for the probate of an existing will. We agree, in the first instance, that the proponents adduced sufficient evidence to indicate that the proffered will was duly executed. The will bore an attestation clause evidencing the due execution of the document *(see, Matter of Pepoon,* 91 NY 255). Moreover, 1 of the 3 attorneys who witnessed the execution of the will possessed personal recollection of the circumstances of the execution of the will. Accordingly, there was a sufficient basis in the record to establish due execution (SCPA 1407 [2]).

The proponents of the will, however, have failed to meet their burden of proof in establishing that the will had not been revoked prior to the decedent's death (SCPA 1407 [1]). This obligation imposed upon a proponent of the lost or destroyed will stems from the principle which arose at common law that " '[w]hen a will previously executed cannot be found after the death of the testator, there is a strong presumption that it was revoked by destruction by the testator' " *(Matter of Fox,* 9 NY2d 400, 407, quoting from *Collyer v Collyer,* 110 NY 481, 486). As the Surrogate noted, it is unclear as to whether the testator was in possession of the original will prior to his death or whether it remained in the custody of the attorney-draftsman following its execution. In either case, the proponents have failed to establish the critical fact of nonrevocation of the will, and, accordingly, the Surrogate properly denied its admission to probate *(see, Matter of Danziger,* 57 Misc 2d 1014, 1015; *Matter of Di Nisio,* 54 Misc 2d 10). Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.