■ ROBERT OURIEL, as Attorney-In-Fact for SOPHIE OURIEL, Respondent, v JACOB OURIEL, Appellant.—Order and judgment unanimously affirmed with costs. Memorandum: Supreme Court did not abuse its discretion in failing to grant defendant's motion for recusal. "The presence of bias or prejudice on the part of a sitting Judge is generally a matter of personal conscience *(Casterella v Casterella,* 65 AD2d 614, 615, app dsmd 46 NY2d 939) and is, at best, a matter of discretionary disqualification" *(Matter of Smith,* 84 AD2d 664, 666; *see,* Judiciary Law § 14). The record does not support defendant's contention that the court acted improperly.

We have examined defendant's other contentions and find them also to be without merit. (Appeal from Order and Judgment of Supreme Court, Monroe County, Siracuse, J.— Discovery.) Present—Callahan, J. P., Boomer, Pine, Lawton and Fallon, JJ.

■ In the Matter of the Estate of WILLIAM F. KALENAK, Deceased.—Order unanimously reversed on the law without costs and petition granted. Memorandum: In this uncontested proceeding in Surrogate's Court, petitioner contends that the court erred in denying her petition to admit to probate a copy of the Last Will and Testament of decedent. We agree.

Petitioner's proof sufficiently established that the original will was not in decedent's possession before his death, but that a conformed copy remained in the possession of the attorney-draftsman or his successor. That proof satisfied SCPA 1407 (1) *(see, Matter of Utegg,* 91 Misc 2d 21; *Matter of Haefner,* 4 Misc 2d 835; *cf., Matter of Gray,* 143 AD2d 751, *lv denied* 74 NY2d 607). Further, the testimony of petitioner's witnesses, plus the attestation clause on the conformed copy of the will, formed a sufficient basis to establish due execution *(see,* SCPA 1407 [2]). Petitioner's proof also adequately established all of the provisions of the will *(see,* SCPA 1407 [3]). That proof included the conformed copy of the will and the attorney-draftsman's statement that the conformed copy was identical to the original will that he had prepared for decedent. Additionally, the attorney's former secretary testified that her handwriting was on the copy of the will and that she conformed that copy to the original.

Therefore, the conformed copy of the will of decedent is admitted to probate. (Appeal from Order of Onondaga County Surrogate's Court, Wells, S.—Probate Will.) Present—Callahan, J. P., Boomer, Pine, Lawton and Fallon, JJ.