■ In the Matter of EMORY CC. et al., Children Alleged to be Neglected. DAVID CLOVSKY, as Commissioner of the Chemung County Department of Social Services, Respondent; SAMUEL DD. et al., Respondents. GEORGE R. WILTSIE, as Law Guardian, Appellant. [606 NYS2d 99] —Mercure, J. Appeal from an order of the Family Court of Chemung County (O'Shea, J.), entered February 3, 1993, which, in a proceeding pursuant to Family Court Act article 10, inter alia, denied the Law Guardian's motion for the recusal of the Family Court Judge.

The sole issue raised on appeal from Family Court's determination in this neglect proceeding is whether the Family Court Judge, Judith O'Shea, should have granted a motion by the Law Guardian and recused herself or disqualified the office of the Chemung County Attorney from appearing before her because her husband is an Assistant County Attorney.

The Law Guardian argues that, as of January 1993 when

Judge O'Shea took office, a conflict was created due to the fact that several members of the County Attorney's office, which represents the County Department of Social Services (hereinafter the Department) in various Family Court matters, are either partners or associates in the law firm of Davidson & O'Mara where Judge O'Shea's husband, Kevin O'Shea (hereinafter O'Shea), is a partner. Specifically, Ransom Reynolds, Jr., another partner in the law firm, and O'Shea serve as the County Attorney and the First Assistant County Attorney, respectively. Petitioner asserts in opposition to the Law Guardian's motion for the recusal of Judge O'Shea that, through custom and practice, five specific Assistant County Attorneys represent the interests of the Department and none of these attorneys is a member of the law firm of Davidson & O'Mara. Kevin Moshier, an Assistant County Attorney who works full time for the Department, supervises four part-time Assistant County Attorneys and has instructed them not to contact O'Shea concerning any Family Court matters. In addition, there is a physical separation of one-half mile between Moshier's office and O'Shea's office. Finding no conflict of interest, Family Court denied the Law Guardian's motion. The Law Guardian now appeals.

There should be an affirmance. We reject the Law Guardian's argument that an appearance of impropriety is created by reason of the relationship requiring either recusal or automatic disclosure on the record. In our view, O'Shea did not have "an interest that could be substantially affected by the outcome of the proceeding" (22 NYCRR 100.3 [c] [1] [iv] [b]). Although the County Attorney is required to provide legal representation to the County Commissioner of Social Services, who is normally the petitioner in neglect and abuse proceedings, the County is not directly impacted by the outcome of these or other Family Court proceedings. Moreover, the County Attorney has separated the duties of various assistants, and O'Shea works part time in an area of that office having no direct involvement with Family Court proceedings. In these circumstances, Judge O'Shea appropriately refused to disqualify both herself and the County Attorney's office. Disqualification is not necessary if Judge O'Shea is satisfied that she can act impartially when her husband does not appear. Nor was the Judge required to fully disclose on the record the relationship of O'Shea with the County Attorney's office. This result is further supported by an opinion of the Advisory Committee on Judicial Ethics in response to an inquiry by Judge O'Shea regarding this specific situation (see, Opn of

Advisory Comm on Judicial Ethics 93-08 [Jan. 28, 1993]; *see also,* Opn of Advisory Comm on Judicial Ethics 90-91 [Oct. 31, 1990]).

In conclusion, before an appearance of impropriety can be imputed or a conflict created, some other factor needs to be present that creates an interest that could be substantially affected by the outcome of the proceeding. Whether such a factor is present and the action required thereby are decisions best left to the Trial Judge's discretion *(see, People v Moreno,* 70 NY2d 403, 405; *People v Brunner,* 182 AD2d 1123, *lv denied* 80 NY2d 828; *Ouriel v Ouriel,* 182 AD2d 1124; *Greenman v Greenman,* 175 AD2d 360, *lv dismissed* 78 NY2d 1124), subject to appropriate appellate review. Clearly, Judge O'Shea must recuse herself when her husband has had any involvement in a case before her *(see,* 22 NYCRR 100.3 [c]; Opn of Advisory Comm on Judicial Ethics 93-08 [Jan. 28, 1993], *op. cit.).*

Weiss, P. J., White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.