Matter of Slezak (2023 NY Slip Op 03825)

Matter of Slezak

2023 NY Slip Op 03825

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

535066
[*1]In the Matter of the Estate of John V. Slezak, Deceased. Mary J. Coman, as Executor of the Estate of John V. Slezak, Deceased, Appellant; Charles N. White et al., Respondents.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Cioffi Slezak Wildgrube PC, Schenectady (Deborah A. Slezak of counsel), for appellant.

Aarons, J.
Appeal from an order of the Surrogate's Court of Fulton County (Michael W. Smrtic, S.), entered March 10, 2022, which dismissed petitioner's application to admit to probate an instrument purporting to be the last will and testament of decedent.
John V. Slezak (hereinafter decedent) died in 2018 and was predeceased by his spouse. Decedent executed a last will and testament in 1987, but it could not be located. Petitioner nonetheless found a conformed copy of decedent's last will and testament in a lockbox. The conformed copy of the will provided, among other things, that, in the event that decedent's spouse predeceased decedent, petitioner would serve as the executor of decedent's estate. Petitioner commenced a proceeding seeking to admit the conformed copy of decedent's will to probate and for letters testamentary. Surrogate's Court thereafter held a hearing as to whether the conformed copy of the will could be admitted under SCPA 1407. Upon the hearing's conclusion, the court dismissed the petition. This appeal ensued.
"A copy of a lost or destroyed will may be submitted for probate only if it is established that (1) the will has not been revoked, (2) the will was properly executed, and (3) all of the provisions of the will can be clearly and distinctly proved by each of at least two credible witnesses or by a copy or draft of the will proved to be true and complete" (Matter of DiSiena, 103 AD3d 1077, 1078 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]). At issue here is whether petitioner discharged her burden with respect to the third element. Surrogate's Court found that petitioner failed to show that the conformed copy of decedent's will was "true and complete" — a finding with which we agree. Although petitioner tendered a conformed copy of decedent's will, there was no other proof from the hearing confirming that the conformed copy was identical to decedent's original will (compare Matter of Castiglione, 40 AD3d 1227, 1229 [3d Dept 2007], lv denied 9 NY3d 806 [2007]; Matter of Kalenak, 182 AD2d 1124, 1124 [2d Dept 1992]). Petitioner's reliance on a conformed copy of the last will and testament of decedent's spouse as probative evidence is unavailing. Accordingly, the court correctly dismissed the petition.
Egan Jr., J.P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.