| Matter of DeAngelis |
|:---:|
| 2025 NY Slip Op 30401(U) |
| January 22, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2021-2811 |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ENTERED

JAN 2 2 2025

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
Probate Proceeding, Will of

        DEBORAH DEANGELIS,

        Deceased.

Proceeding to Probate a Copy of a Lost Will Pursuant
to SCPA Section 1407.
-----------------------------------------------------------------------x

File No.: 2021-2811

G I N G O L D, S .

In this contested probate proceeding, petitioner Vincent DeAngelis seeks to probate a purported copy of a last will and testament of Deborah DeAngelis, deceased, dated June 22, 1990 (hereinafter, "conformed copy") as petitioner alleges the original last will and testament dated June 22, 1990 was lost while in the possession of the attorney-draftsperson and/or the firm in which he was partner.

Decedent passed away on August 25, 2020, survived by ten cousin distributees. Decedent's stepson, Vincent DeAngelis (hereinafter, "petitioner"), filed a conformed copy of decedent's will for probate.

The attorney-draftsperson, Arthur Toback (hereinafter, "Toback"), who is also decedent's first cousin and a distributee, alleges in his affidavit that he supervised the will execution and that he and two other attorneys at his firm served as witnesses to the execution. After execution, the will was kept in his firm's safe and a true and complete conformed copy was given to decedent. Toback retired in 2014. He states he wrote decedent a letter asking decedent where to send the original will for safekeeping and that his records do not indicate whether he received a response. Toback states that upon retiring, if a client did not respond to his letter seeking directions regarding her will, his practice was to give the client's original will and his records of correspondence

[* 1]

regarding the will to his former law partner, Leonard Reiss, Esq. After decedent's death, Toback states that he made a diligent attempt to locate decedent's will, but he could not find it.

Toback's law partner, Leonard Reiss, Esq., states by affirmation that Toback turned over many wills to him in 2014 for safekeeping. Reiss does not have a record or inventory of the wills that he received from Toback. Nonetheless, he personally conducted a diligent search of his own records and states that he cannot find the original or a copy of decedent's will. He does not have a specific recollection of receiving decedent's will. The court has not been provided with a copy of the letter to decedent or the original will by either Toback or Reiss.

The conformed copy leaves decedent's estate in four equal shares to her three stepchildren and her son, who predeceased her. Pursuant to the terms of the will, the predeceased son's share lapses and passes to the other residuary beneficiaries, decedent's three stepchildren.

The copy of the will offered for probate has initials written on the bottom left corner of each page, which are conformed with an "s/". There is an "s/" written in on decedent's signature line. The document also has an "s/" for each of the three witnesses' names and then a printed name and address. The month and year of the alleged execution are typed, but the day is handwritten. The affidavit of attesting witnesses also has an "s/" and then the witnesses' printed names. The affidavit of attesting witnesses contains the stamp of a New York notary public, but does not have a notary's signature. All of the printing appears to be done in the same handwriting.

Toback and one other distributee waived and consented to probate of the conformed copy. The other eight distributees and the Public Administrator of New York County (hereinafter, "Public Administrator") were cited and served. The Public Administrator appeared on September 9, 2021. Distributees Corinne A. Wilensky and Debora Hanauer appeared and objected to probate

2

on the grounds that (1) the will was not duly executed, (2) the will is not a copy of an executed will, (3) lack of testamentary capacity, and (4) undue influence.

In September 2024, petitioner's counsel notified the court that the parties had settled, forwarding an unsigned copy of a stipulation of settlement with signature blocks for the three purported legatees, the two objectants, and counsel to the Public Administrator. The proposed settlement would withdraw objectants' verified objections and objectants would consent to probate.

Counsel to the Public Administrator filed an affirmation dated September 26, 2024, stating that the Public Administrator has no objection to admitting the conformed copy to probate as a lost will subject to the terms of the settlement.

However, before admitting a will to probate, the court must inquire into all facts and must be satisfied with the genuineness of the will and validity of its execution (SCPA 1408[1]). Furthermore, a lost will may only be admitted to probate if it is established that (1) the will has not been revoked, (2) the will was executed in the manner required for an existing will, and (3) all provisions of the will are proven by at least two credible witnesses or by a will copy or draft that is proven to be true and complete (SCPA 1407).

In a lost will proceeding, if the provisions of the original will are proven by a conformed copy, that copy must still be proven to be true and complete (*see* SCPA 1407[3]; *Matter of Slezak*, 218 AD3d 946, 946 [3d Dept 2023] [finding the court correctly dismissed the petition when there was no proof that the conformed copy was identical to the decedent's original will]; *Matter of Kalenak*, 182 AD2d 1124, 1124 [4th Dept 1992] [relying on former secretary's testimony that she conformed the copy of the will and that it was her handwriting on the copy in admitting the will copy to probate]).

3

[* 3]

Moreover, under SCPA 1407[1], a lost will can only be probated if it is established that the will has not been revoked by the decedent. If the original will cannot be found after the decedent's death, there is a strong presumption that the decedent revoked the will before her death (*Matter of Fox*, 9 NY2d 400, 411 [1961]; *see Matter of Gray*, 143 AD2d 751, 752 [2d Dept 1988] [finding the proponents had failed to meet the burden of proof establishing that decedent had not revoked the will because it was unclear if the original will had last been in the attorney-draftsman's or the decedent's possession]). Once this presumption arises, it must be rebutted by the proponent of the will as a condition of probate (*Matter of Lewis*, 25 NY3d 456, 462 [2015]; *see Fox*, 9 NY2d at 407-08; *Matter of DiSiena*, 103 AD3d 1077, 1078 [3d Dept 2013]). Conversely, the revocation presumption will not apply if the original will was never in decedent's possession (*In re Skolovsky*, NYLJ Apr. 14, 2010 at 34, col 3 [Sur Ct, NY County 2010] [admitting a copy of the will to probate because the missing will was never in decedent's possession, and thus could not have been revoked by decedent]).

Counsel to the Public Administrator's affirmation alleges that "[c]ircumstantial evidence can be used to overcome a presumption of intentional revocation," citing *Matter of Mittelstaedt* (278 App Div 231, 233 [1st Dept 1951]). However, as the Fourth Department clarified in *Matter of Scollan*, although the jury in *Mittelstaedt* was entitled to hear circumstantial evidence, "petitioner cannot succeed on mere speculation and suspicion" (*Matter of Scollan*, 161 AD3d 1577, 1578-79 [4th Dept 2018] ["[P]etitioner offered nothing more than speculation and suspicion to support her theory that respondent or someone acting on his behalf fraudulently destroyed the will."], quoting *Philbrook*, 185 AD2d at 552).

Counsel to the Public Administrator misstates the law, finding that the fact pattern "indicates that decedent did not die with the original Will in her possession, and thus the

4

presumption of revocation seemingly never arises." Rather, since the will could not be found after decedent's death, the presumption is that the will was revoked before her death. There is no proof whatsoever that decedent never had the original will in her possession and did not revoke the original will. Therefore, the evidence presented does not rebut the presumption that decedent's will was revoked. Petitioner's assertion that the original will was lost while in the possession of Toback or his law firm is based upon "speculation and suspicion" (*Scollan*, 161 AD3d at 1578-79).

In addition, the court has not been provided sufficient proof that the conformed copy is a true and complete copy of the actual document Toback supervised the execution of on June 22, 1991 (*see* SCPA 1407[3]; *Matter of Slezak*, 218 AD3d 946, 946 [3d Dept 2023]; *Matter of Kalenak*, 182 AD2d 1124, 1124 [4th Dept 1992]).

Thus, based on the facts and circumstances before the court, this conformed copy cannot be admitted to probate pursuant to SCPA 1407.

Accordingly, it is hereby

ORDERED that probate of the propounded instrument is denied without prejudice, and the probate proceeding is dismissed; and it is further

ORDERED that Schram, Graber & Opell P.C shall be paid $12,837.50 from estate assets as compensation for their services as counsel to the Public Administrator of New York County in this probate proceeding within thirty days of the appointment of a duly qualified fiduciary. Schram, Graber & Opell P.C can enforce this claim against the estate pursuant to SCPA 1803[3] as an order of the court.

[* 5]

The Clerk of the Court is directed to send a copy of this decision, which constitutes an order of the court, to the parties of record listed below.

Dated: January 22, 2025

_____
S U R R O G A T E

To:  rjellinek@ssg-law.com
     cstaples@SGOPC.com
     hmh9b2@gmail.com

Ms. Deborah Hanauer
166-25 Powells Cove Blvd., #12M
Whitestone, NY 11357

Ms. Corinne Wilensky
5509 NW69 Avenue, Apt.354
Lauderhill, FL 33319

6