In the Matter of the Estate of WILLIAM DIETRICH, Deceased. ROBERT DIETRICH, as Executor of WILLIAM DIETRICH, Deceased, Respondent; CHARLES DIETRICH et al., Appellants. [706 NYS2d 763] —Mercure, J. Appeal from a decree of the Surrogate's Court of Delaware County (Estes, J.), entered September 13, 1999, which, *inter alia*, granted petitioner's motion for summary judgment and admitted to probate an instrument purporting to be the last will and testament of decedent.

Decedent died in June 1998 survived by respondents, who are his nephews, and several grandnieces and grandnephews, including petitioner. Four days prior to his death, decedent executed a new will naming petitioner as executor and bequeathing the majority of his estate to petitioner and Wilma Schmidt. Petitioner offered the new will for probate and respondents filed objections alleging lack of testamentary capacity, undue influence and fraud. After the expiration of the time period for discovery fixed by Surrogate's Court, petitioner moved to dismiss the objections and for summary judgment admitting the will to probate. The court granted the motion and respondents appeal.

Although summary judgment in contested probate proceedings is unusual, it is appropriate where an objectant fails to raise any issues of fact regarding execution of the will, testamentary capacity, undue influence or fraud (*see, Matter of Kemble*, 149 AD2d 899, 901). The evidence submitted by petitioner, particularly the deposition testimony, affidavit and documentary evidence from the attorney who met with decedent, prepared the will and witnessed its execution in June 1998, was sufficient to meet petitioner's burden as the proponent of the will (*see, Matter of Coniglio*, 242 AD2d 901; *Matter of Allen*, 210 AD2d 856). Although respondents submitted a number of affidavits in opposition to the motion, none of the affiants had personal knowledge of decedent's capacity or of any undue influence or fraud actually exercised upon decedent. Conclusory allegations and speculation are insufficient to raise a question of fact on these issues (*compare, Matter of*

*Bustanoby*, 262 AD2d 407, *with Matter of Antoinette*, 238 AD2d 762; *see also, Matter of Walther*, 6 NY2d 49).

Claiming that petitioner's motion for summary judgment was premature, respondents contend that they need to obtain decedent's medical records and depose petitioner. Respondents offer no excuse for their failure to conduct discovery during the time period for doing so established by Surrogate's Court and they have failed to demonstrate that, pursuant to CPLR 3212 (f), facts essential to oppose petitioner's motion may exist but cannot now be stated (*see, Hughes Training v Pegasus Real-Time*, 255 AD2d 729, 730). Respondents' mere hope that further discovery might disclose evidence that would prove their claims is insufficient (*see, Ramesar v State of New York*, 224 AD2d 757, 759, *lv denied* 88 NY2d 811).

As a final matter, we note that petitioner's summary judgment motion was technically defective because it was not supported by a copy of the pleadings (*see,* CPLR 3212 [b]) or decedent's will. Nonetheless, in view of the fact that respondents have not opposed the motion on that basis and the record before us is sufficiently complete, we will decide the appeal on the merits (*see, General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d 894, 895, n).

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decree is affirmed, without costs.