In the Matter of the Estate of THOMAS H. GRAWE, Deceased. CHER C. LAZENBY, Respondent; JON THOMAS GRAWE, as Administrator of the Estate of THOMAS H. GRAWE, Deceased, Appellant. [822 NYS2d 683]—

Appeal from an order of the Surrogate's Court, Jefferson County (Peter A. Schwerzmann, S.), entered October 25, 2005 in a proceeding pursuant to Surrogate's Court Procedure Act § 1420. The order determined that petitioner is the rightful beneficiary of certain property devised in the last will and testament of decedent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to SCPA 1420 seeking an order determining that she is the rightful beneficiary of the property devised in article fourth of the last will and testament of Thomas H. Grawe (decedent). By that article, decedent devised and bequeathed his residence and its contents to "that woman, if there be one, with whom I am cohabiting in said residence at the time of my death," provided that the executor of decedent's estate "conclude[d] to his satisfaction" that, inter alia, decedent and "said woman were cohabiting voluntarily . . . [as] the consequence of an intimate, personal relationship" at the time of decedent's death. The executor asserted in opposition to the relief sought that, as he had previously determined, petitioner does not meet the criteria set forth in article fourth. The Surrogate properly concluded that the executor does not possess unlimited discretion to make that determination. Rather, the exercise of discretion by the executor is limited by his absolute duty of impartiality to the beneficiaries of the estate (see *Matter of Muller*, 24 NY2d 336, 341, *amended on other grounds* 24 NY2d 1029 [1969]), and the executor's exercise of discretion is subject to judicial review (see

*Matter of Leopold*, 259 NY 274, 277). The evidence at the hearing supports the Surrogate's conclusion that petitioner met the criteria set forth in article fourth of the will, "given their ordinary and natural meaning," and that she is thus the rightful beneficiary of the property devised in that article (*Matter of Gustafson*, 74 NY2d 448, 451 [1989]). The executor's remaining contention is raised for the first time on appeal and therefore is not preserved for our review (*see C-Kitchen Assoc., Inc. v Travelers Ins. Co.*, 11 AD3d 961, 962 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.