■ In the Matter of the Estate of M. Marion Ruparshek, Deceased. Wanda C. Ruiz, as Executor of M. Marion Ruparshek, Deceased, Appellant; Patrick Lambert, Respondent. [828 NYS2d 623]—

Rose, J. Appeal from an order of the Surrogate's Court of Otsego County (Burns, S.), entered January 30, 2006, which partially denied petitioner's motion for summary judgment.

M. Marion Ruparshek (hereinafter decedent) died in January 2005, leaving a will dated in April 2004. Decedent's will bequeathed her entire estate to petitioner, her daughter and designated executor. After petitioner offered the will for probate, respondent, one of decedent's grandchildren, filed objections contending that, among other things, decedent lacked testamentary capacity and the will was procured by undue influence. Following discovery, petitioner moved for summary judgment dismissing respondent's objections. Surrogate's Court found triable issues of fact as to whether decedent understood the terms of the will and whether the will was procured by undue influence. Petitioner appeals.

The burden of proving that decedent possessed the requisite testamentary capacity rests with petitioner (see Matter of Friedman, 26 AD3d 723, 724 [2006], lv denied 7 NY3d 711 [2006]; Matter of Williams, 13 AD3d 954, 955 [2004], lv denied 5 NY3d 705 [2005]), and she must demonstrate that decedent understood the consequences of executing the will, knew the nature and extent of the property being disposed of and knew the persons who were the natural objects of her bounty, and her relationship to them (see Matter of Kumstar, 66 NY2d 691, 692 [1985]; Matter of Brower, 4 AD3d 586, 588 [2004]). Here, petitioner offered the affidavit and testimony of the subscribing witnesses who stated that decedent was of sound mind and memory when she executed the will. This evidence met petitioner's initial burden and created a presumption of testamentary capacity (see Matter of Leach, 3 AD3d 763, 764-765 [2004]). In opposition, respondent presented the affidavits of decedent's brother and sister-in-law. These witnesses stated that before and after the will's execution, decedent had told them that she intended that her money be split between petitioner and her grandchildren, and that petitioner would have only life use of her farm and, thereafter, the farm would go to respondent. Respondent also testified that decedent had assured him of this, and that decedent would become confused

and forgetful on occasion. Further, the attorney who drafted the will testified to a description of decedent's intended distribution of her estate that we find to be ambiguous. This evidence is sufficient to raise an issue of fact with regard to whether decedent understood the consequences of executing the April 2004 will.

As for the issue of undue influence, however, Surrogate's Court should have granted summary dismissal. To establish undue influence, respondent was required to identify the acts allegedly constituting the influence as well as when and where such acts occurred (*see Matter of Friedman, supra* at 725-726). Here, respondent contends that petitioner's frequent, two- or three-day-long visits with decedent after the death of decedent's husband in February 2004, together with her financial interest in decedent's assets, are sufficient to establish opportunity and motive for her to exert undue influence. Significantly, however, the conduct attributed to petitioner in moving her family into decedent's residence and placing decedent's money in joint bank accounts all occurred *after* execution of the will. Respondent cites no time or place when petitioner did anything to influence decedent's distribution of her assets before the will was executed. Accordingly, respondent's allegations are speculative and do not rise to the level required to raise an issue of fact as to undue influence (*see Matter of Fiumara*, 47 NY2d 845, 846 [1979]; *Matter of Minervini*, 297 AD2d 423, 424-425 [2002]; *Matter of Young*, 289 AD2d 725, 727 [2001]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's motion for summary judgment dismissing respondent's objection alleging undue influence; motion granted to that extent; and, as so modified, affirmed.