In the Matter of the Estate of Louis J. Castiglione, Also Known as Louis Castiglione, Sr., Deceased. Anita Castiglione, as Executor of Louis J. Castiglione, Also Known as Louis Castiglione, Sr., Respondent; Elaine Castiglione, Appellant. [837 NYS2d 360]—

Peters, J.P. Appeal from an order of the Surrogate's Court of Fulton County (Hoye, S.), entered January 11, 2006, which granted petitioner's motion to dismiss the objections to decedent's will and admitted the will to probate.

Following decedent's death, petitioner sought to probate a copy of decedent's will and a subsequently executed codicil. When petitioner experienced difficulty in personally serving respondent, Surrogate's Court issued an order permitting service by mail. Petitioner complied with that order and respondent filed objections challenging personal jurisdiction, testamentary capacity and due execution of the will. She further alleged fraud

relating to the probate of the lost will and undue influence. Although the objections were filed late and were in improper form, Surrogate's Court considered respondent's arguments in the interest of justice. Upon the admission of the will to probate, respondent appealed.

There is no merit to the contention that Surrogate's Court lacked jurisdiction. After petitioner's showing of due diligence, Surrogate's Court issued an order directing an alternate form of service as permitted by SCPA 307. Upon proof that petitioner fully complied with that order, personal jurisdiction was properly obtained over respondent (*see* SCPA 203).

Respondent's challenge to decedent's testamentary capacity (*see* EPTL 3-1.1) mandated that petitioner, as the proponent of the motion, demonstrate that decedent understood (1) the nature and consequences of executing a will, (2) the nature and extent of his property, and (3) the natural objects of his bounty and his relationship to them (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985]; *Matter of Ruparshek*, 36 AD3d 998, 999 [2007]). Pursuant to these requirements, we find decedent's capacity initially supported by the provisions in the will naming his spouse and issue as beneficiaries, thereafter disposing of his property in a prudent manner; the codicil did not change its relevant substantive provisions. Moreover, both the will and the codicil were filed with self-executing affidavits wherein each of the witnesses stated that, in their opinion, decedent suffered from no physical or mental impairment at the time of signing. As petitioner reached the requisite presumption of testamentary capacity (*see Matter of Ruparshek, supra* at 999; *Matter of Friedman*, 26 AD3d 723, 725 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Fairbairn*, 9 AD3d 579, 580 [2004], *lv denied* 3 NY3d 612 [2004]), respondent countered only with a bare assertion that decedent suffered from Alzheimer's disease. As this allegation was not supported by any medical evidence or competent testimony, it was properly found to be insufficient (*see Matter of Dietrich*, 271 AD2d 894, 894 [2000]; *compare Matter of Ruparshek, supra* at 999-1000).

Nor do we find a viable challenge to the execution of the will and codicil (*see* EPTL 3-2.1). The affidavits of the attesting witnesses indicate that each of these documents was subscribed to in the witness's presence and executed under the supervision of the respective attorney-draftsperson. With this constituting prima facie evidence of due execution (*see Matter of Seelig*, 302 AD2d 721, 722 [2003]; *Matter of Dietrich, supra* at 894; *Matter of Ruso*, 212 AD2d 846, 846-847 [1995]; *but see* SCPA 1406 [1] [a]), respondent's failure to challenge that showing with any

competent evidence warranted a dismissal of this objection (*see Matter of Seelig, supra* at 722; *Matter of Dietrich, supra* at 894).

Regarding petitioner's submission of a copy of the lost will for probate, SCPA 1407 permits that practice if it can be shown that (1) the will has not been revoked, (2) the will was duly executed, and (3) all of the provisions of the will can be clearly proven by at least two credible witnesses or by "a copy or draft of the will proved to be true and complete" (SCPA 1407 [3]). Recognizing the presumption of revocation under these circumstances (*see Matter of Philbrook*, 185 AD2d 550, 552 [1992]), petitioner offered the affidavit of the attorney-draftsperson, Robert Dorfman, stating that the original version of the will was kept with him for safekeeping and it was lost at the time that he moved his office (*compare id.*). This chain of custody was corroborated by a sworn statement prepared by Mario Papa, the attorney-draftsperson of the codicil, who confirmed that decedent still believed that his will was in existence at the time of the preparation of the codicil. Petitioner further offered a signed photocopy of the will, along with a sworn statement by Dorfman that this copy was an exact replica of the original will. Having satisfied the statutory requirements of SCPA 1407 (*compare Matter of Kleefeld*, 55 NY2d 253, 258-260 [1982]; *see Matter of Haefner*, 4 Misc 2d 835, 836 [1956]), respondent's failure to proffer any viable evidence to the contrary warranted a dismissal of this objection as well.

Finally addressing respondent's allegations of undue influence, it was her burden to demonstrate that decedent was actually constrained to act against his own free will and desire (*see Matter of Fellows*, 16 AD3d 995, 996 [2005]). Motive and opportunity, "the acts allegedly constituting the influence as well as when and where such acts occurred" (*Matter of Ruparshek, supra* at 1000), had to be identified (*see Matter of Nofal*, 35 AD3d 1132, 1134-1135 [2006]; *Matter of Fellows, supra* at 996). Having failed to meet this burden, this objection was properly dismissed (*see Matter of Ruparshek, supra* at 1000; *Matter of Nofal, supra* at 1135; *Matter of Friedman, supra* at 725).

While recognizing that summary judgment in a matter of this kind is unusual, we find it appropriate where, as here, there is sufficient evidence establishing a prima facie case for probate and a lack of any viable evidence to the contrary (*see Matter of Fairbairn, supra* at 580; *Matter of Seelig, supra* at 722; *see also Matter of Ruparshek, supra* at 1000; *Matter of Dietrich, supra* at 894). Accordingly, the order of Surrogate's Court dismissing the objections and granting probate of decedent's will is affirmed.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.