■ ELAINE D. D'AURIA, Appellant, v RICHARD W. KENT et al., Respondents. [915 NYS2d 680]—

Garry, J. Appeal from an order of the Supreme Court (Reilly Jr., J.), entered February 4, 2010 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaint.

In June 2007, plaintiff's vehicle was struck by a vehicle owned and driven by defendant Mahadeo Dinghoor. Nineteen days later, her vehicle was rear-ended by a vehicle driven by defendant Richard W. Kent and owned jointly with his wife, defendant Susan M. Kent. Plaintiff subsequently commenced personal

injury actions against Dinghoor and the Kents.[1] The actions were consolidated and defendants thereafter moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury (*see* Insurance Law § 5102 [d]). Supreme Court granted the motions, and plaintiff appeals.

For the first time on appeal, plaintiff contends that defendants' motions were procedurally defective in that copies of all pleadings were not included (*see* CPLR 3212 [b]; *Bonded Concrete v Town of Saugerties*, 3 AD3d 729, 730 [2004], *lv dismissed* 2 NY3d 793 [2004]). Had this claim been preserved for review (*see* *Chapman v Pyramid Co. of Buffalo*, 63 AD3d 1623, 1624 [2009]; *Goodspeed v Adirondack Med. Ctr.*, 43 AD3d 597, 598 [2007]), we would find it meritless. Dinghoor's failure to include a bill of particulars was not the omission of a pleading (*see* CPLR 3011, 3041; *Plante v Hinton*, 271 AD2d 781, 783 [2000]), and the Kents' omission was excusable as we find the record "sufficiently complete to address the merits" (*Sanacore v Sanacore*, 74 AD3d 1468, 1469 [2010]; *see* *Welch v Hauck*, 18 AD3d 1096, 1098 [2005], *lv denied* 5 NY3d 708 [2005]).

Plaintiff contends that she sustained a serious injury within the significant limitation and 90/180-day categories (*see* Insurance Law § 5102 [d]) consisting of injuries to her cervical, thoracic and lumbar spine, and her left elbow.[2] In support of their summary judgment motions, defendants were required to submit competent medical evidence that plaintiff did not suffer a causally-related serious injury (*see* CPLR 3212 [b]; *Tracy v Tracy*, 69 AD3d 1218, 1219 [2010]). Defendants submitted the affidavit of Louis Benton Jr., an orthopedic surgeon, who reviewed plaintiff's medical records and noted that, before the two subject accidents, she had sought medical treatment on numerous occasions for back pain and muscle spasms resulting from two falls and an exercise injury in 2006 and 2007.[3] Benton further noted that plaintiff's back symptoms were adversely affected by her weight, and opined that there was no objective evidence that her back condition was altered by either of the vehicle accidents. This evidence was sufficient to establish on a prima facie basis that plaintiff's back problems resulted from

---

1. The second action also included a claim against another individual which was subsequently dismissed.

2. Plaintiff's bill of particulars asserts additional categories, but these were unaddressed and thus abandoned (*see* *Mrozinski v St. John*, 304 AD2d 950, 951 [2003]).

3. These records reveal that plaintiff sought treatment at least 14 times for back problems that prevented her from sitting, standing upright or sleeping, and caused pain that she described as "sawing" and "stabbing."

her preexisting condition and were not causally related to the vehicle accidents (*see Anderson v Capital Dist. Transp. Auth.,* 74 AD3d 1616, 1616-1617 [2010], *lv denied* 15 NY3d 709 [2010]; *Coston v McGray,* 49 AD3d 934, 934-935 [2008]).

As to the elbow injury, however, Benton merely opined in a single paragraph that plaintiff's diagnosis was "a subjective complaint and there are no objective findings to support the same." As plaintiff argues, Benton thus wholly failed to consider or address an MRI study obtained approximately one year prior to his medical record review. Further, it appears from the face of the affirmed MRI report that the results of this objective test may support the findings of plaintiff's treating physician and the report of another medical examiner upon which plaintiff relies, both of whom attributed her disability, to some unspecified degree, to the elbow injury and resulting limitation of use and function of her left arm and elbow. This failure thus presented a fatal flaw in defendants' motions; it is simply not possible to determine, as a matter of law upon the record presented, to what extent plaintiff's alleged disability related to the elbow injury, as opposed to the claimed back and spine injuries, nor whether the limitations arising from the elbow injury were more than "minor, mild or slight" (*Parks v Miclette,* 41 AD3d 1107, 1109-1111 [2007] [internal quotation marks and citations omitted]).[4] Therefore, finding that defendants failed to meet their burden of demonstrating a right to judgment in their favor as a matter of law, we reverse the order granting defendants' motions dismissing the complaints.

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions denied.

 ---

4. Though it appears the elbow injury may be attributed to only one of the subject accidents, this is similarly not clearly revealed on the record presented.