**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

590
CA 11-01865

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

IN THE MATTER OF THE ESTATE OF KATHERINE M.
DESSAUER, DECEASED.
-----------------------------------------------
ANTONIA GREENLEE, SHARI L. MEYER, DEBORAH A.
ALAIMO, PETITIONERS-RESPONDENTS,                    MEMORANDUM AND ORDER

                          V

THOMAS DESSAUER, INDIVIDUALLY AND AS EXECUTOR
OF THE ESTATE OF KATHERINE M. DESSAUER, DECEASED,
RESPONDENT-APPELLANT.

---

MELVIN BRESSLER, ROCHESTER, FOR RESPONDENT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL),
FOR PETITIONERS-RESPONDENTS.

---

Appeal from a decree of the Surrogate's Court, Monroe County
(Edmund A. Calvaruso, S.), entered November 3, 2010.  The decree,
among other things, ordered respondent to pay the attorneys' fees and
disbursements incurred by petitioners in commencing this proceeding.

It is hereby ORDERED that the decree so appealed from is
unanimously modified on the law by reducing the award of attorneys'
fees and disbursements in the sum of $6,048.77 to $3,071.27 and as
modified the decree is affirmed without costs.

Memorandum:  Respondent, individually and as executor of the
estate of Katherine M. Dessauer (decedent), appeals from a decree that
ordered him to pay attorneys' fees and disbursements incurred by
petitioners in commencing this proceeding to compel production of
decedent's will pursuant to SCPA 1401.  Respondent contends for the
first time on appeal that petitioners lacked standing to commence the
proceeding, and that contention therefore is not properly before us
(*see Matter of Jared*, 225 AD2d 1049; *see generally Matter of Grawe*, 32
AD3d 1309, 1310).  We further conclude, however, that Surrogate's
Court abused its discretion in determining that petitioners are
entitled to attorneys' fees in the amount of $5,955 for legal services
rendered in instituting this proceeding.  We reject the contention of
petitioners that respondent failed to contend either that the award of
attorneys' fees was an abuse of discretion or that the amount of the
award was unreasonable (*cf. Oakes v Patel*, 87 AD3d 816, 819).  " 'In
evaluating what constitutes a reasonable attorney's fee, factors to be
considered include the time and labor expended, the difficulty of the
questions involved and the required skill to handle the problems

presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained' " (*Matter of Talbot*, 84 AD3d 967, 967-968; *see Pelc v Berg*, 68 AD3d 1672, 1673). Applying those factors here, we conclude that petitioners are entitled to the sum of $2,977.50 for legal services rendered in instituting this proceeding, together with the sum of $93.77 that was awarded for disbursements with respect to the petition, and we thus modify the decree accordingly.

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court