■ In the Matter of DARIO MAROTTA, Also Known as DARIO S. MAROTTA, Deceased. MICHAEL FEZZA, Appellant; ANTONIO MAROTTA et al., Respondents. [26 NYS3d 348]—

In a proceeding pursuant to SCPA 1407 to admit a copy of a lost will to probate, the petitioner appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated January 13, 2014, as denied those branches of his motion which were for summary judgment dismissing the objections to probate alleging revocation and admitting a copy of the decedent's will to probate, and, upon searching the record, awarded summary judgment to the objectants on the issue of revocation, denied probate, and directed the dismissal of the petition.

Ordered that the order is modified, on the law, by deleting the provision thereof searching the record and awarding summary judgment to the objectants on the issue of revocation, denying probate, and directing the dismissal of the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent never married or had children, and his siblings predeceased him without issue. In October 2006, the decedent employed a paralegal service to create his last will and testament, in which he named "my cousin Michael Fezza" (hereinaf-

ter the petitioner) as the sole beneficiary of his estate. The decedent died at home in Brooklyn on February 4, 2010. A home health aide lived with him in his apartment in the weeks preceding his death. During this time, the decedent allegedly showed the petitioner and the home health aide a blue binder, which the decedent kept in a filing cabinet in the living room of his apartment, and told them that his will was located inside the binder.

After the decedent's death, the petitioner found only photocopies of the decedent's will in the blue binder. The petitioner commenced this proceeding in the Surrogate's Court, Kings County, to admit a copy of the decedent's will to probate, asserting that the original will had been lost or misplaced. Objections were raised by the Public Administrator of Kings County, as well as several of the decedents' cousins once removed.

The petitioner moved for summary judgment dismissing the objections and admitting a copy of the will to probate. He submitted, inter alia, the affidavit of the decedent's home health aide in which she averred that, shortly before his death, the decedent told her that the will was kept in a blue binder inside his living room filing cabinet. She further averred that the decedent was unable to walk from the bedroom to the living room by himself and did not leave his bedroom during the last days of his life. The objectants opposed the motion. The Surrogate's Court denied those branches of the petitioner's motion which were for summary judgment dismissing the objections alleging revocation and admitting a copy of the will to probate, and, upon searching the record, awarded summary judgment to the respondents on the issue of revocation, denied probate, and directed the dismissal of the petition. The petitioner appeals.

When a will previously executed and in the testator's possession cannot be found after the death of the testator, a presumption arises that the will was revoked by the testator (*see Matter of Lewis*, 25 NY3d 456, 462 [2015]; *Matter of Fox*, 9 NY2d 400, 407-408 [1961]; *Matter of Kennedy*, 167 NY 163, 168-169 [1901]; *Collyer v Collyer*, 110 NY 481, 486 [1888]). This legal presumption may be overcome, and the lost will admitted to probate, if the will's proponent establishes that the will was not revoked by the testator during his or her lifetime (*see* SCPA 1407 [1]; *Matter of Lewis*, 25 NY3d at 462; *Matter of Fox*, 9 NY2d at 407-408; *Matter of Demetriou*, 48 AD3d 463, 464 [2008]).

Here, the petitioner failed to establish his prima facie entitle-

ment to judgment as a matter of law on the issue of revocation. Thus, the Surrogate's Court properly denied those branches of his motion which were for summary judgment dismissing the objections alleging revocation and admitting a copy of the will to probate (*see Matter of Fox*, 9 NY2d 400 [1961]; *cf. Matter of Winters*, 84 AD3d 1388, 1389 [2011]).

However, evidence that, shortly before his death, the decedent showed the blue binder to the home health aide and stated that it contained his will and that it was kept in a certain location, which the decedent was thereafter unable to access due to his declining health, and where several copies of the will were later found after his death, was sufficient to raise an issue of fact regarding the presumption of revocation of his will, thereby precluding an award of summary judgment to the objectants on the issue of revocation (*see Matter of DiSiena*, 103 AD3d 1077, 1080 [2013]; *Matter of Demetriou*, 48 AD3d at 464).

Accordingly, the Surrogate's Court should not have searched the record and awarded summary judgment to the objectants. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.