■ In the Matter of JEANNINE SHANLEY ARGONDIZZA, Also Known as JEANNINE MORAND, Deceased. LEO SHANLEY et al., Respondents, v CHRISTOPHER ARGONDIZZA, Appellant. [27 NYS3d 373]—

Order, Surrogate's Court, New York County (Rita Mella, S.), entered March 2, 2015, which, to the extent appealed from as limited by the briefs, denied respondent's motion to dismiss petitioners' claim for breach of fiduciary duty, unanimously affirmed, without costs.

In their amended petition for a turnover of property, petitioners, decedent's children, alleged that respondent, decedent's second husband, fraudulently intended to deprive petitioners of their inheritance by transferring to himself, through a power of attorney granted by decedent while she was suffering from dementia, decedent's one-half interest in an apartment she co-owned with respondent as tenants in common.

The motion court correctly concluded that the amended petition stated a claim for breach of fiduciary duty that sought an equitable remedy—namely, a constructive trust and a return of decedent's interest in the apartment (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]), and that the claim was timely under the applicable six-year statute of limitations (*see Loengard v Santa Fe Indus.*, 70 NY2d 262, 266-267 [1987]; *Kaufman v Cohen*, 307 AD2d 113, 118 [1st Dept 2003]).

The statute of limitations did not begin to run until respondent allegedly openly repudiated his fiduciary obligations by transferring decedent's interest in the apartment to himself in May 2009 (*see Matter of Barabash*, 31 NY2d 76, 80 [1972]). Therefore, the claim, brought in August 2013, was timely. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.