Matter of Bordell (2018 NY Slip Op 04404)





Matter of Bordell


2018 NY Slip Op 04404


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524514

[*1]In the Matter of the Estate of MAURICE J. BORDELL, Deceased. MICHAEL BORDELL, as Executor of the Estate of MAURICE J. BORDELL, Deceased, Respondent; JENNIFER M. BASIC, as Guardian ad Litem of DENISE H. BORDELL, Appellant, et al., Respondent.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


D.J. & J.A. Cirando, Esqs., Syracuse (John A. Cirando of counsel), for appellant.
Law Office of James Cushman, Norwich (James G. Cushman of counsel), for Michael Bordell, respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Surrogate's Court of Madison County (McDermott, S.), entered April 25, 2016, which, in a proceeding pursuant to SCPA article 14, among other things, granted petitioner's motion for summary judgment.
The underlying facts of this matter are fully set forth in a prior decision of this Court (150 AD3d 1446 [2017]). Briefly stated, Maurice J. Bordell (hereinafter decedent) died testate on January 11, 2014, leaving his wife, Denise H. Bordell (hereinafter the wife), as his sole distributee. Decedent and the wife had lived separately for the majority of their 40-year marriage and, in May 2012, the wife executed a waiver of the right of spousal election, waiving any and all rights in decedent's estate. Nonetheless, after decedent's will was admitted to probate, respondent Jennifer M. Basic, the guardian ad litem for the wife, filed a notice of election on the wife's behalf seeking her elective share of decedent's estate. Petitioner, the executor of decedent's estate, commenced this proceeding to determine the validity and effect of the wife's notice of [*2]election. Basic thereafter moved for summary judgment dismissing the petition, seeking to deem the waiver invalid and declare the wife's right of election to be valid. Surrogate's Court denied the motion, and this Court affirmed (id. at 1447-1448). Following discovery, petitioner moved for summary judgment seeking to declare the validity of the waiver of the right of election. Basic opposed the motion, claiming that issues of fact remained as to whether the wife was competent and/or suffered from impaired vision at the time that she executed the waiver. Surrogate's Court granted the motion and declared the wife's waiver valid and enforceable. Basic appeals.
For the first time on appeal, Basic contends that petitioner's motion was procedurally defective because it did not include a copy of the petition (see CPLR 3212 [b]). Even had this contention been preserved for our review (see Matter of VanLoan, 156 AD3d 1426, 1426 [2017]; D'Auria v Kent, 80 AD3d 956, 957 [2011]), we would find that the omission was not fatal given that the petition was submitted in connection with the earlier summary judgment motion and was before Surrogate's Court (see Stiber v Cotrone, 153 AD2d 1006, 1007 [1989], lv denied 75 NY2d 703 [1990]; see also Trump Vil. Section 3, Inc. v. New York State Hous. Fin. Agency, 307 AD2d 891, 894 n 3 [2003], lv denied 1 NY3d 504 [2003]). Moreover, inasmuch as we may take judicial notice of the record in the prior appeal, which includes the petition (see Matter of Peters, 124 AD3d 1266, 1267 [2015]; Oakes v Muka, 56 AD3d 1057, 1059 [2008]; Edgewater Constr. Co., Inc. v 81 & 3 of Watertown, Inc., 24 AD3d 1229, 1231 [2005]), the record before us is "sufficiently complete to address the merits" (Sanacore v Sanacore, 74 AD3d 1468, 1469 [2010]; see Matter of Warren, 143 AD3d 1110, 1111 n [2016]; D'Auria v Kent, 80 AD3d at 957; General Motors Acceptance Corp. v Albany Water Bd., 187 AD2d 894, 895 n [1992]).
On the merits, we find that Surrogate's Court properly granted summary judgment in petitioner's favor and declared the validity of the waiver of the right of election. "A person's competency to engage in a transaction is presumed and the party challenging such bears the burden of proving incompetence" (Matter of Nealon, 57 AD3d 1325, 1327 [2008] [citation omitted]; see Pruden v Bruce, 129 AD3d 506, 507 [2015]; Adsit v Wal-Mart Stores, Inc., 79 AD3d 1168, 1169 [2010]). To prevail, Basic was required to demonstrate that the wife's mind was "'so affected as to render [her] wholly and absolutely incompetent to comprehend and understand the nature of the [waiver]'" (Feiden v Feiden, 151 AD2d 889, 890 [1989], quoting Aldrich v Bailey, 132 NY 85, 89 [1892]; accord Lynch v Carlozzi, 129 AD3d 1240, 1241 [2015]; Matter of McLaughlin, 97 AD3d 1051, 1053 [2012]). Further, "[t]he incapacity must be shown to exist at the time the pertinent document was executed" (Lynch v Carlozzi, 129 AD3d at 1241; see Adsit v Wal-Mart Stores, Inc., 79 AD3d at 1169; Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1284-1285 [2007]).
In support of the motion, petitioner submitted, among other things, the deposition testimony of Peter Baum, the wife's longtime personal attorney. Baum explained that, although he did not meet with the wife when she signed and acknowledged the waiver of the right of election on May 31, 2012, he had significant contact with her roughly six months later when he prepared a power of attorney at the wife's direction and met with her at his office for its execution. He specified that, during this meeting, the wife appeared to understand the effect and purpose of the power of attorney and that, in his opinion, she suffered from no physical or mental impairment at that time. Baum met with the wife again in March 2014 when she came to his office to discuss and execute a waiver of citation in connection with decedent's will, during which time he found the wife to be lucid, rational and competent. This proof, coupled with the presumption of competency, was sufficient to shift the burden to Basic to produce evidence creating a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In opposition, Basic countered only with an attorney affidavit that focused primarily upon the fact that the wife had been diagnosed with early dementia approximately nine months after executing the waiver of the right of election. Such proof, however, has no bearing upon the wife's mental capacity at the time of the execution of the waiver in May 2012 (see Matter of Murray, 49 AD3d 1003, 1005 [2008]; Matter of Clapper, 279 AD2d 730, 731 [2001]). Indeed, even had a showing been made that the wife suffered from dementia at the time she executed the waiver, this alone would not have created a triable issue of fact as to her mental capacity (see Matter of Alibrandi, 104 AD3d 1175, 1176 [2013]; Matter of Nealon, 57 AD3d at 1327; Matter of Murray, 49 AD3d at 1005; Matter of Friedman, 26 AD3d 723, 725 [2006], lv denied 7 NY3d 711 [2006]). For these same reasons, the mere fact that the wife underwent cataract surgery more than a year after her execution of the waiver was patently insufficient to create a factual issue as to her ability to comprehend and understand the nature of the waiver. Absent any evidence that the wife was not competent at the time she executed the waiver of the right of election, Surrogate's Court properly granted summary judgment in petitioner's favor (see Matter of Nealon, 57 AD3d at 1327; Matter of Murray, 49 AD3d at 1005; Sears v First Pioneer Farm Credit, ACA, 46 AD3d at 1285; Matter of Castiglione, 40 AD3d 1227, 1228 [2007], lv denied 9 NY3d 806 [2007]).
Garry, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.