Matter of Massimo (2019 NY Slip Op 07911)





Matter of Massimo


2019 NY Slip Op 07911


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-13175

[*1]In the Matter of Anthony Massimo, etc., deceased. Lionel Markee, appellant; Orsola Bartolini, et al., respondents. (File No. 370/13) Michael F. Mongelli II, Flushing, NY, for appellant.


Edward L. Koester, Bronx, NY (Michael R. Treanor of counsel), for respondent Orsola Bartolini.
John Bartolini, Jefferson Valley, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to SCPA 1407 to admit a copy of a lost will and a lost codicil to probate, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated August 15, 2016. The decree, after a nonjury trial, denied probate of the lost will and lost codicil.
ORDERED that the decree is affirmed, with costs.
In this proceeding to probate a lost will and a lost codicil, after a nonjury trial, the instruments were denied probate in a decree dated August 15, 2016, based on the Surrogate's Court's finding that the presumption of revocation had not been rebutted. We affirm.
It is undisputed that the lost will and the lost codicil were properly executed, and the terms thereof were established by copies of the instruments. As such, the sole issue was whether the will was revoked by the testator.
When a will, although once possessed by a testator, cannot be found after the death of the testator, a strong presumption arises that the testator revoked the will by destruction (see Matter of Lewis, 25 NY3d 456, 462). The presumption may be overcome, and the lost will admitted to probate, if the proponent establishes that the will was not revoked by the testator during his or her lifetime (see Matter of Marotta, 137 AD3d 787, 788). "The burden of proof is on the will proponent to show, by facts and circumstances, that the testator did not destroy the will with the intent to revoke it; mere speculation or suspicion is insufficient" (Matter of DiSiena, 103 AD3d 1077, 1078-1079; see Matter of Fox, 9 NY2d 400, 407-408; Matter of Staiger, 243 NY 468, 472).
Here, we agree with the Surrogate's Court's conclusion that the proponent's evidence fell short of rebutting the presumption of revocation, and as such, the lost instruments were properly denied probate (see Matter of Philbrook, 185 AD2d 550, 552).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court