Matter of McKenna (2023 NY Slip Op 00664)

Matter of McKenna

2023 NY Slip Op 00664

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-08790
2022-03992

[*1]In the Matter of Joseph M. McKenna, deceased. Edward McKenna, et al., appellants; William H. McKenna, Jr., et al., respondents. (File No. 333/21)

Kurzman Eisenberg Corbin & Lever, LLP, White Plains, NY (Michael H. Friedman of counsel), for appellants.

DECISION & ORDER
In a proceeding, inter alia, pursuant to SCPA 1407 to admit a copy of a lost will to probate, the petitioners appeal from (1) an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated October 13, 2021, and (2) an order of the same court dated April 5, 2022. The order dated October 13, 2021, denied the petition. The order dated April 5, 2022, insofar as appealed from, denied that branch of the petitioners' motion which was for leave to renew the petition.
ORDERED that the order dated October 13, 2021, is reversed, on the law, without costs or disbursements, and the petition is granted; and it is further,
ORDERED that the appeal from the order dated April 5, 2022, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated October 13, 2021.
The petitioners commenced this uncontested proceeding pursuant to SCPA 1407 to admit an unsigned and undated copy of the decedent's will to probate, asserting that the original will had been lost. The petitioners also sought the issuance of letters of administration c.t.a. By order dated October 13, 2021, the Surrogate's Court denied the petition. Thereafter, the petitioners moved, inter alia, for leave to renew the petition. By order dated April 5, 2022, the court, among other things, denied that branch of the petitioners' motion. The petitioners appeal.
A lost or destroyed will may be admitted to probate if (1) it is shown that the will has not been revoked, (2) execution of the will is proved in the manner required for probate of an existing will, and (3) "[a]ll of the provisions of the will are clearly and distinctly proved by each of at least two credible witnesses or by a copy or draft of the will proved to be true and complete" (id.; see Matter of DiSiena, 103 AD3d 1077, 1078; Matter of Castiglione, 40 AD3d 1227, 1229). "When a will, although once possessed by a testator, cannot be found after the death of the testator, a strong presumption arises that the testator revoked the will by destruction" (Matter of Massimo, 177 AD3d 640, 641; see Matter of Lewis, 25 NY3d 456, 462; Matter of Marotta, 137 AD3d 787, 788). "The presumption may be overcome, and the lost will admitted to probate, if the proponent establishes that the will was not revoked by the testator during his or her lifetime" (Matter of Massimo, 177 AD3d [*2]at 641; see Matter of Marotta, 137 AD3d at 788).
Here, in support of the petition, the petitioners submitted, among other things, the affirmation of the attorney-draftsperson, the affidavit of an attesting witness, and the unsigned copy of the decedent's lost will. The petitioners' submissions established that the will was never in the decedent's possession, that the will had not been revoked, and that the will was duly executed (see Matter of Castiglione, 40 AD3d at 1229; Matter of Gorba, 63 Misc 3d 1219[A], 2019 NY Slip Op 50599[U] [Sur Ct, Dutchess County]). Additionally, the petitioners' submissions proved the provisions of the will (see SCPA 1407; Matter of Castiglione, 40 AD3d at 1229). Accordingly, under the circumstances, the Surrogate's Court erred in refusing to admit the propounded instrument to probate as a lost will.
In light of our determination, we need not reach the petitioners' remaining contentions.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court