Matter of Giacobbe (2024 NY Slip Op 05799)

Matter of Giacobbe

2024 NY Slip Op 05799

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-04571

[*1]In the Matter of Frank Giacobbe, deceased. Carmela Deraco, respondent; Rosario Vizzari, appellant. (File No. 293/18)

Maker, Fragale & Di Costanzo, LLP, Rye, NY (Costantino Fragale of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Susan E. Galv o and Vincent W. Crowe of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to SCPA 1407 to admit a copy of a lost will to probate, the objectant appeals from a decree of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated April 28, 2023. The decree, upon an order of the same court dated April 25, 2023, admitted the lost will to probate.
ORDERED that the decree is affirmed, with costs.
The underlying facts are summarized in our decision and order on a prior appeal (see Matter of Giacobbe, 199 AD3d 915). After a nonjury trial, the Surrogate's Court admitted the decedent's lost will dated January 4, 1990 (hereinafter the 1990 will), to probate. The objectant appeals, contending, inter alia, that he demonstrated that the 1990 will was revoked by a subsequent will executed by the decedent on December 23, 2014 (hereinafter the 2014 will).
"'In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses'" (Gelaj v Gelaj, 216 AD3d 1082, 1083, quoting O'Brien v Dalessandro, 43 AD3d 1123, 1123; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Here, at trial, the petitioner established that the 1990 will was duly executed and that the original was retained by the attorney draft person. Indeed, there was no evidence in the record that the original was ever in the decedent's possession. Therefore, the petitioner established that the 1990 will had not been revoked (see Schultz v Schultz, 35 NY 653, 656; Matter of McKenna, 213 AD3d 765, 767; cf. Matter of Gray, 143 AD2d 751, 752). Further, the objectant failed to adduce sufficient evidence concerning the copy of the 2014 will he relied on to establish that it was duly executed, and he failed to adequately explain the unavailability of the original 2014 will (see EPTL 3-2.1[a]; Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644; Matter of Collins, 60 NY2d 466).
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court