| |
|:---:|
| **Matter of Agiovlasitis** |
| 2025 NY Slip Op 34090(U) |
| October 30, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2024-416 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
PROBATE PROCEEDING, Will of

       PERRY AGIOVLASITIS,

                         Deceased.
------------------------------------------------------------------x

DECISION and ORDER
File No.: 2024-416

M E L L A, S.:

The Court considered the following submissions in determining the instant motion (*see*

CPLR 2219[a]):

| Documents Considered | Numbered |
|---|---|
| Chad Wood's Notice of Motion to Dismiss the Third Amended Petition or Strike the November 14, 2024 Affirmation of Steven Glass, Esq.; Affirmation in Support of James H. Cahill, Jr., Esq., with Exhibits | 1-2 |
| John Anthony Credaroli III and William Nathanail's Memorandum of Law in Opposition | 3 |
| Affirmation in Opposition of Michael L. Landsman, Esq.; Michael L. Landsman's Memorandum of Law in Opposition | 4-5 |
| Reply Affirmation of James H. Cahill, Jr., Esq., with Exhibits | 6 |

In this contested probate proceeding in the estate of Perry Agiovlasitis (Decedent), Chad Wood (Movant), Decedent's former partner, moved to dismiss the third amended probate petition filed by John Anthony Credaroli III, William Nathanail, and Michael L. Landsman (Proponents) or, in the alternative, to strike the affirmation of Steven Glass, dated November 14, 2024, and preclude Glass from offering evidence in support of the third amended petition. After oral argument on July 16, 2025, the court denied the motion in its entirety and the following memorializes that determination.

[* 1]

<u>Relevant Facts</u>

The pertinent facts are as follows. Decedent died on January 20, 2024. Proponents filed a probate petition on February 9, 2024, offering a purported will dated January 13, 2024 (2024 Will), that named Proponents as the nominated executors. Landsman and Glass, who were attorneys at the same law firm, were allegedly witnesses to the 2024 Will. The petition lists Landsman as an attorney-drafter, and Glass filed an affidavit of comparison. Preliminary letters were issued to Proponents on March 15, 2024. The February 9, 2024 probate petition was amended first on May 7, 2024, and again on May 31, 2024, for reasons not relevant to the current motion.

On November 14, 2024, Glass filed a detailed affirmation in which he admitted that the 2024 Will was not the document signed by Decedent, and that he had "modified" the document outside of Decedent's presence, after Decedent signed it. Glass annexed to his affirmation what he characterized as "an exact true and complete final draft of the of [sic] Last Will and Testament that was signed by the Testator and witnessed by Mr. Landsman and myself on January 13, 2024" (Glass Aff. ¶25). Also on November 14, 2024, Proponents filed the third amended probate petition asking the court to probate the draft purported will referenced by Glass as a "destroyed" will under SCPA 1407.

On January 8, 2025, Nathanail and Credaroli moved for extensions of their preliminary letters. Movant and Decedent's brother (and sole distributee), George Agiovlasitis, opposed the application. Landsman separately requested extensions of the preliminary letters for Nathanail, Credaroli, and himself on January 13, 2025. On January 15, 2025, the court granted Nathanail and Credaroli's application to the extent of issuing letters of temporary administration to them valid through January 24, 2025, implicitly denying Landsman's application. Nathanail and

2

[* 2]

Credaroli eventually secured an $8 million bond, and their letters have been extended indefinitely. Landsman does not currently have letters.

Thereafter, Movant made the instant motion in which he seeks an order: "(i) dismissing the claim [that the instrument offered for probate in the third amended petition is valid] as it is premised solely on the sworn statement of an attorney who attempted to commit a 'fraud on the Court' concerning a central aspect of the matter and/or in the alternative; (ii) striking Steven Glass's Affirmation dated November 14, 2024 and precluding him from offering evidence in support of the Third Amended Petition; (iii) dismissing the Petition pursuant to CPLR 3211(a)(7) as the attesting witnesses who form the basis for the claim, Glass and Landsman, are 'inherently incredible'; (iv) and for such other and further relief as this Court deems proper" (Notice of Motion at 1). Proponents opposed the motion.

Discussion

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept as true the facts alleged in the petition and accord a petitioner the benefit of every possible inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). The court may also freely consider affidavits submitted by a petitioner to remedy any defects in the pleading (*see id.* at 88). Moreover, whether a petitioner can ultimately establish his or her allegations is not part of the calculus in determining a motion to dismiss (*see EBC I, Inc. v Goldman Sachs & Co.*, 5 NY3d 11, 19 [2005]). However, "where allegations are too vague, consist of bare legal conclusions or factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to consideration as true on a motion to dismiss" (*Matter of Argondizza*, 2015 NY Slip Op 30281[U] [Sur Ct, NY County], *affd* 137 AD3d 670 [1st Dept 2016]).

Here, the third amended petition is premised on SCPA 1407. Pursuant to that provision, a lost or destroyed will may be admitted to probate if 1) it is established that the will has not been

3

[* 3]

revoked, 2) execution of the will is proved in the manner required for the probate of an existing will, and 3) all of the provisions of the will are clearly and distinctly proved by each of at least two credible witnesses *or* by a copy or draft of the will proved to be true and complete. The court concluded that the allegations in the petition and the statements in Glass's affirmation, which on this motion the court accepts as true, were sufficient to satisfy all elements of SCPA 1407 (*see e.g. Matter of Castiglione*, 40 AD3d 1227, 1229 [3d Dept 2007] [lost will was properly admitted to probate under SCPA 1407 where, *inter alia*, petitioner "offered a signed photocopy of the will, along with a sworn statement by [the attorney-draftsperson] that this copy was an exact replica of the original will"]).

In reaching this determination, the court considered Movant's argument that the success of the third amended petition hinges on the statements in Glass's affirmation, and that the petition must therefore be dismissed because Glass is an inherently incredible witness. However, the court found Movant's contention unavailing, given that the petition, coupled with Glass's affirmation, satisfies all elements of SCPA 1407, and Movant failed to establish that any allegations or statements made by Glass in his affirmation are inherently incredible. The court also noted that it would be premature to make credibility determinations at this stage. Discovery has not yet been conducted. Indeed, issue has not even been joined. Under these circumstances, none of Movant's cited cases, which are primarily personal injury cases at the summary judgment or trial stage, support the conclusion that dismissal of the petition is warranted.

The court next addressed Movant's contention, based on *CDR Creances S.A.S. v Cohen* (23 NY3d 307 [2014]), that the court must either dismiss the petition or strike Glass's affirmation because Glass committed fraud on the court. In that case, after the Supreme Court held a full evidentiary hearing and concluded that various parties to a lawsuit had engaged in

4

egregious conduct, the Court of Appeals stated that "where a court finds, by clear and convincing evidence, conduct that constitutes fraud on the court, the court may impose sanctions including, as in this case, striking pleadings and entering default judgment against the offending parties to ensure the continuing integrity of our judicial system" (*id.* at 311, 315-316). By contrast, here, no evidentiary hearing has been conducted and the proceeding is in the pre-answer stage. Moreover, Glass is neither a party nor an attorney for any party to this proceeding, and the relief requested would penalize Proponents, two of whom, at least on the record before the court at this time, do not appear to have played a role in Glass's actions. Further, if, in fact, Decedent intended for a signed version of the draft purported will to be his Last Will and Testament, the relief requested would also thwart Decedent from disposing of his property as he wished.[1]

For all of these reasons, the court denied the motion in its entirety.

This decision, together with the transcript of the July 16, 2025 proceedings, constitutes the order of the court.

The Clerk of the Court is directed to email a copy of this Decision and Order to the attorneys listed below.

Dated: October 30, 2025

_____
S U R R O G A T E

To:

James H. Cahill, Jr. - jamescahilljr@cahillcahill.com

John D. Yi - John.Yi@ag.ny.gov

---

[1] Movant also argued that Judiciary Law § 487, which states that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party… [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action," supports dismissal of the petition. However, Movant failed to establish that this statute has any bearing on the issues presently before the court. Furthermore, a claim under Judiciary Law § 487 must be brought by petition, not by motion as here (*see Matter of Rappaport*, NYLJ, Sep. 6, 2017, at 22, col 3 [Sur Ct, NY County]).

Eve Rachel Markewich - emarkewich@mrlawllp.com

Emily Ramsdell - eramsdell@mrlawllp.com

Lawrence M. Rosenstock - lrosenstock@mrlawllp.com

Andrew M. Krisel - krisel123@aol.com

Ross S. Katz – rkatz@sla-llp.com

Jordan M. Freundlich - jfreundlich@vmmlegal.com

George A. Tsougarakis - george@goarch.org

6