| |
|---|
| **Matter of Zabar** |
| 2026 NY Slip Op 30920(U) |
| March 6, 2026 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2025-4634 |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
Probate Proceeding, Will of

       SAUL ZABAR,

              Deceased.

------------------------------------------------------------------------x

**ENTERED**

MAR 09 2026

DATA ENTRY DEPT
New York County Surrogate's Court

File No.: 2025-4634

GINGOLD, S.

In this uncontested probate proceeding, petitioner Carole Zabar ("Petitioner") seeks to probate a purported copy of a last will and testament of Saul Zabar ("Decedent"), dated January 13, 1979 ("will copy"), and a purported copy of the first codicil to the last will and testament of the Decedent, dated March 20, 1979 ("codicil copy") as Petitioner alleges the original last will and testament dated, dated January 13, 1979 ("original will") and the original of the first codicil to last will and testament of Decedent, dated March 20, 1979 ("original codicil") were lost.

Decedent passed away on October 7, 2025, survived by his spouse, Petitioner, and his three children. All of Decedent's children waived and consented to probate of the will copy and codicil copy. The will copy and codicil copy leaves all of Decedent's tangible personal property and Decedent's residuary estate to Petitioner outright.

The will copy contains an attestation clause, but does not contain an Affidavit of Attesting Witnesses required by SCPA § 1406.

Pursuant to SCPA § 1405, the attorney draftsperson's wife, Judith Halperin ("Ms. Halperin") submitted (1) an application to dispense with testimony of the attorney draftsperson as a witness of the original will and original codicil due to the attorney draftsperson's death and (2) an application to dispense with testimony of another witness, Joan Blair Stevens ("Ms. Stevens"), of the original will and original codicil due to Ms. Stevens' death.

1

Ms. Halperin also submitted an affidavit as an attesting witness to the original will. In her affidavit, she attested (1) that the requirements were met for execution of a will pursuant to EPTL § 3-2.1, (2) that the will copy reflects the original will she witnessed in 1979, and (3) it was the attorney draftsperson's "practice to make a conformed copy of a will after a client signed his or her will".

Lewis C. Taishoff, an attorney acquainted with the deceased attorney-draftsperson, also submitted an affidavit as an attesting witness to the original codicil. In his affidavit, he supported that the requirements were met for execution of a will pursuant to EPTL § 3-2.1 and he attested that the codicil copy reflects the original codicil he witnessed in 1979.

Eric B. Woldenberg ("Mr. Woldenberg"), the attorney for Petitioner in this probate proceeding, also submitted an affirmation in support of the will copy. He stated that he met with Decedent in 2011 about Decedent's estate plan and the original will provided by Decedent then reflected the will copy presented in this proceeding. He stated that he discussed with Decedent that Decedent's will and codicil leaves everything to Petitioner outright due to the unlimited marital deduction and that Decedent never pursued any updates on his original will and original codicil following Mr. Woldenberg and Decedent's 2011 meeting.

A lost or destroyed will may be admitted to probate if (1) it is shown that the will has not been revoked, (2) execution of the will is proved in the manner required for probate of an existing will, and (3) "[a]ll of the provisions of the will are clearly and distinctly proved by each of at least two credible witnesses or by a copy or draft of the will proved to be true and complete" (*See Matter of DiSiena*, 103 AD3d 1077, 1078; *Matter of Castiglione*, 40 AD3d 1227, 1229, 837 N.Y.S.2d 360). "When a will, although once possessed by a testator, cannot be found after the death of the testator, a strong presumption arises that the testator revoked the will by destruction" (*Matter of*

2

[* 2]

*Massimo*, 177 AD3d 640, 641, 109 N.Y.S.3d 885; *see Matter of Lewis*, 25 NY3d 456, 462, 13 N.Y.S.3d 323, 34 N.E.3d 833; *Matter of Marotta*, 137 AD3d 787, 788, 26 N.Y.S.3d 348). "The presumption may be overcome, and the lost will admitted to probate, if the proponent establishes that the will was not revoked by the testator during his or her lifetime" (*Matter of Massimo*, 177 AD3d at 641; *see Matter of Marotta*, 137 AD3d at 788).

Here, in support of the petition, Petitioner submitted, among other things, (1) the attesting witnesses' affidavits of the original will and original codicil, (2) proof of death for any remaining witnesses of the original will and original codicil, (3) attorney affirmation that this will copy and codicil copy reflected the Decedent's intent for his estate plan, and (4) that it was the attorney draftsperson's practice to make a conformed copy of the original will and original codicil (*see* SCPA § 1408; *Matter of Tully*, 227 AD2d 288, 642 NYS2d 878 [1996]).

Therefore, the Court is satisfied that the original will and original codicil was validly executed and that, at the time of execution, Decedent had the mental capacity to make a will and was not under any restraint (EPTL § 3-2.1; SCPA § 1407[2], 1408). Finally, the provisions of the lost will and lost codicil have been proven by the conformed copy of the executed will and executed codicil, which were established as a true and complete copy (SCPA 1407[3]).

Decree signed incorporating the terms of the lost original will and lost original codicil.

Dated: March 6, 2026

_____
S U R R O G A T E

3